IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BRIAN HARDRICK**<br>4200 N. 73rd Street<br>Milwaukee, WI 53216<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br>Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>**THE UNITED STATES POSTAL SERVICE**,<br>1720 Market Street, Room 2400<br>St. Louis, MO 63155<br><br>**SHANELLA L. JACKSON**,<br>4132 N. 12th Street<br>Milwaukee, WI 53209<br><br>**PROGRESSIVE UNIVERSAL INSURANCE COMPANY**,<br>a domestic corporation, c/o Registered Agent:<br>CT Corporation System<br>301 S. Bedford Street, Suite 1<br>Madison, WI 53703<br><br>Defendants | CIVIL COMPLAINT<br><br>Civil Case No.:<br>Case Type: Personal Injury |

### COMPLAINT AND JURY TRIAL DEMAND

NOW COMES the above-named Plaintiff, BRIAN HARDRICK, by and through his attorneys, LINDNER LAW, LLC, and as and for his claims against the above-named Defendants, alleges and shows to the Court as follows:

## JURISDICTION, VENUE, AND APPLICABLE LAW

1. These claims arise under the provisions of the Federal Tort Claim Act (hereinafter referred to as "FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

2. Pursuant to 28 U.S.C. § 1346(b)(1), this Court has jurisdiction over this claim against Defendant, UNITED STATES OF AMERICA, for money damages.

3. Pursuant to 28 U.S.C. § 1402(b), venue is proper in the Eastern District of Wisconsin as the Plaintiff resides and has resided in the district at all times material to this litigation.

4. Pursuant to the FTCA, 28 U.S.C. §§ 1346(b)(1), the Defendants' liability will be determined by the laws of Wisconsin.

5. Pursuant to U.S.C. § 2674, the Defendants are liable "in the same manner and to the same extent as private individuals under like circumstances."

## CONDITIONS PRECEDENT TO SUIT

6. Plaintiff hereby incorporates by reference Paragraphs 1 through 5 above, as if fully set forth herein.

7. Pursuant to 28 U.S.C. §§ 2401(b) and 2675(a), on or about August 28, 2024, within two years of the accrual of the Plaintiff's claim. Plaintiff, Brian Hardrick, sent a Standard Form-95 "Claim for Damage, Injury, or Death" (hereinafter referred to as "SF-95") along with supporting documentation to the United States Postal Service (hereinafter referred to as "USPS").

8. On or about September 13, 2024, the USPS received the Plaintiff, Brian Hardrick's, SF-95.

9. On or about October 28, 2024, Tort Claim Examiner/Adjudicator Sarah A. Brewer sent a letter to Plaintiff's counsel affirming receipt of SF-95, and stating, "[t]his claim will be adjudicated as soon as possible but be aware that the Postal Service has six months after receipt of a valid claim in which to complete its adjudication."

10. That more than six months have passed since the Plaintiff, Brian Hardrick, first presented his claim to the appropriate federal agency, Defendant USPS, who has failed to make a final disposition of the claim. Pursuant to 28 U.S.C. § 2675, Plaintiff Brian Hardrick now deems the failure of Defendant USPS to make a final disposition of his claim within six months a final denial.

## THE PARTIES

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above, as if fully set forth herein.

12. Plaintiff, BRIAN HARDRICK (hereinafter referred to as "HARDRICK"), is an adult resident of the State of Wisconsin and resides at 4200 N. 73rd Street, Milwaukee, Wisconsin 53216.

13. Defendant, UNITED STATES OF AMERICA (hereinafter referred to as "USA"), is the federal government and is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [their] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346. Defendant USA's liability is "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

14. Defendant, UNITED STATES POSTAL SERVICE (hereinafter referred to as "USPS"), is a "federal agency" pursuant to 28 U.S.C. § 2671. At all times material, Defendant, USPS, by and through its agents, servants, workmen, employees, and representatives, acted on behalf of Defendant, USA.

15. Defendant, SHANELLA L. JACKSON (hereinafter referred to as "JACKSON"), is an adult resident of the State of Wisconsin, with the last known address of 4132 N. 12th Street, Milwaukee, Wisconsin 53209. At all times material, JACKSON was an employee of USPS.

16. That upon information and belief, PROGRESSIVE UNIVERSAL INSURANCE COMPANY (hereinafter referred to as "PROGRESSIVE"), is a domestic corporation whose Registered Agent and purposes of service of process is CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703. Further, that PROGRESSIVE alleges to have paid medical benefits on behalf of HARDRICK for injuries he sustained in the incident hereafter described, and as a result of said payments, PROGRESSIVE may allege to have a subrogated interest in this action and is therefore a proper party herein pursuant to the laws of the State of Wisconsin. Plaintiff affirmatively alleges that PROGRESSIVE does not have a valid subrogated interest under the facts of this case and the laws of the State of Wisconsin.

## FIRST CAUSE OF ACTION:
## NEGLIGENCE v. JACKSON

17. Plaintiff hereby incorporates by reference Paragraphs 1 through 16 above, as if fully set forth herein.

18. That on or about November 7, 2022, at approximately 9:30 a.m., Plaintiff, HARDRICK, was operating a 2011 Ford F150, traveling southbound on N. Teutonia Avenue in Milwaukee County of Milwaukee, Wisconsin, and approaching the intersection at W. Florist Avenue.

19. At approximately the same time and place, Defendant, JACKSON, was operating a 2021 Ram Van, VIN #3C6LRVCG2ME530810, owned or leased by the Defendant, USPS (hereinafter referred to as "USPS vehicle") and traveling northbound on N. Teutonia Avenue and approaching the same intersection.

20. That HARDRICK proceeded straight through the intersection to continue southbound on N. Teutonia Avenue with the right-of-way.

21. That JACKSON, in an attempt to complete a left turn onto W. Florist Avenue, failed to yield to oncoming traffic, causing a T-bone collision with HARDRICK.

22. That at and prior to the collision, Defendant, JACKSON, operated the USPS vehicle in an inattentive, careless, negligent and erratic manner, including, but not limited to, JACKSON's failure to follow the rules of the road, her failure to signal before attempting a left turn, her failure to maintain a proper lookout, her failure to maintain control of the USPS vehicle, and her failure to yield the right-of-way.

23. That as a direct and proximate result of the acts of the above-described negligence on the part of the Defendant JACKSON, HARDRICK sustained injuries to his body and has suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention and expend large sums of money for same; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for same; that he was unable to engage in his normal activities for a period of time, including his employment, and may continue to be so restricted, all to his damage.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE/VICARIOUS LIABILITY AGAINST USPS & USA

24. Plaintiff hereby incorporates by reference Paragraphs 1 through 23 above, as if fully set forth herein.

25. That at all times material hereto, JACKSON was acting within the scope of her employment and/or agency with USPS and/or for the benefit of USPS, a "federal agency," pursuant to 28 U.S.C. § 2671.

26. That at all times material hereto, Defendant, USPS, by and through its agents, servants, workmen, employees, and representatives, acted on behalf of Defendant, USA.

27. That as a direct and proximate result of the negligence of JACKSON, as an "employee of the government" pursuant to 28 U.S.C. § 2671, Plaintiff HARDRICK sustained the injuries and damages set forth in Paragraph 23 above.

28. That the above-described negligence of JACKSON was the actual and proximate cause of the injuries and damages suffered by Plaintiff HARDRICK.

29. That as a result, Defendant, USA, is vicariously liable for the acts and omissions of the Defendant, JACKSON, an "employee of the government," pursuant to 28 U.S.C. § 2671, acting within the course and scope of her employment with Defendant USPS—a "federal agency," pursuant to 28 U.S.C. § 2671—complained of herein "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

WHEREFORE, the Plaintiff, BRIAN HARDRICK, demands judgment against the Defendants in the following forms: For personal injury, past and future pain and suffering, past and future loss of enjoyment of life, past and future medical expenses, lost wages and loss of earning capacity in the total amount of $354,615.01 together with the costs and disbursements in this action, and any other relief the Court deems just and equitable.

DATED at Milwaukee, Wisconsin this 14 day of October, 2025.

> LINDNER LAW, LLC
> Attorneys for Plaintiff, Brian Hardrick
>
> By: _____
> MILES G. LINDNER
> State Bar No.: 01023087
> KELLI N. FORD
> State Bar No.: 1124347

P. O. ADDRESS:
648 N. Plankinton Ave., Suite 280
Milwaukee, Wisconsin 53203
Phone: (414) 271-5300
Fax: (414) 271-7760
E-Mail: miles@lindnerlawllc.com
       kelli@lindnerlawllc.com